# Exhibit B

**| Respond to Selected Documents |** **Sort by date:** Descending Ascending **Display options:** All Entries

**06/03/2026**

**Notice of Service**

(Docketed on 6-9-2026 at 1145-ACCEPTED AS FILED) Plaintiffs Notice of Service. /am

**Filed By:** NICKOLAS WILLIAM ALLEN

**On Behalf Of:** JENNIFER CRUESOE

**05/06/2026**

**Notice**

All cost incurred as of this date have been paid. /rh

**Order - Special Process Server**

Special Process Server appointed as requested. /rh

**Correspondence Filed**

(Docketed on 05/06/2026 at 11:23) Letter to Clerk. /rh

**Filed By:** NICKOLAS WILLIAM ALLEN

**On Behalf Of:** JENNIFER CRUESOE

**Notice**

Appointment of Special Process Server ("SPS") has been requested, but payment of the $10 Deputy Sheriff Salary Supplemental Fund fee has not been made. SPS to be appointed only upon receipt by the Clerk of the $10 fee required by Section 57.280.5. Attorney notified by electronic notice. /rh

**Correspondence Filed**

(Docketed on 05/06/2026 at 08:52) Letter to Clerk. /rh

**Filed By:** NICKOLAS WILLIAM ALLEN

**On Behalf Of:** JENNIFER CRUESOE

**05/05/2026**

**Notice**

Appointment of Special Process Server ("SPS") has been requested, but payment of the $10 Deputy Sheriff Salary Supplemental Fund fee has not been made. SPS to be appointed only upon receipt by the Clerk of the $10 fee required by Section 57.280.5. Attorney notified by electronic notice. /rh

**Proposed Order Filed**

(Docketed on 05/05/2026 at 12:46) Order Granting Appointment of Special Process Server. /rh

**Filed By:** NICKOLAS WILLIAM ALLEN

**On Behalf Of:** JENNIFER CRUESOE

**Motion Special Process Server**

(Docketed on 05/05/2026 at 12:46) Application for Special Process Server. /rh

**Filed By:** NICKOLAS WILLIAM ALLEN

**On Behalf Of:** JENNIFER CRUESOE

**05/04/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-1374, for JACK HENRY & ASSOCIATES, INC. Summons saved and attached in PDF format for Attorney to retrieve from secure case.net/af

**04/30/2026**

**Summ Issd- Circ Pers Serv O/S**

Document ID: 26-SMOS-85, for SATTERFIELD, PATRICIA Summons saved and attached in PDF format for Attorney to retrieve from secure case.net/af

**Summons Issued-Circuit**

Document ID: 26-SMCC-1354, for HORTON, KRISTEN Summons saved and attached in PDF format for Attorney to retrieve from secure case.net/af

**Summons Issued-Circuit**

Document ID: 26-SMCC-1353, for SATTERFIELD, PATRICIA Summons saved and attached in PDF format for Attorney to retrieve from secure case.net/af

**Summons Issued-Circuit**

Document ID: 26-SMCC-1352, for DOES 1-10 Summons saved and attached in PDF format for Attorney to retrieve from secure case.net/af

**04/29/2026**

**Confid Filing Info Sheet Filed**

Confidential Case Filing Information Sheet.

**Filed By:** NICKOLAS WILLIAM ALLEN

**On Behalf Of:** JENNIFER CRUESOE

**Correspondence Filed**
(Docketed on 04-30-2026 at 4:03pm) Letter to Clerk./ac
**Filed By:** NICKOLAS WILLIAM ALLEN
**On Behalf Of:** JENNIFER CRUESOE

**04/27/2026**

**Judge/Clerk - Note**
Clerk notes no summons issued as this time as not all defendants listed on Petition were entered into the eFiling system at the time of filing. Attorney's office to contact Circuit Clerk's Office./kj

**Filing Info Sheet eFiling**

**Filed By:** NICKOLAS WILLIAM ALLEN

**Note to Clerk eFiling**

**Filed By:** NICKOLAS WILLIAM ALLEN

**Exhibit Filed**
Exhibit 2.
**Filed By:** NICKOLAS WILLIAM ALLEN
**On Behalf Of:** JENNIFER CRUESOE

**CRIFS/Unredacted Document**
Exhibit 1 in associated to Exhibit filed on 04/27/2026.
**Filed By:** NICKOLAS WILLIAM ALLEN
**On Behalf Of:** JENNIFER CRUESOE
**Associated Entries: 04/27/2026 -**
**Exhibit Filed**
**+**

**Exhibit Filed**
Exhibit 1Redacted.
**Filed By:** NICKOLAS WILLIAM ALLEN
**On Behalf Of:** JENNIFER CRUESOE
**Associated Entries: 04/27/2026 - CRIFS/Unredacted Document** +

**Pet Filed in Circuit Ct**
Petition.
**Filed By:** NICKOLAS WILLIAM ALLEN
**On Behalf Of:** JENNIFER CRUESOE

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

**JENNIFER CRUESOE,**

Plaintiff,

vs.

Case No.

**JACK HENRY & ASSOCIATES, INC.,**
Serve:
663 W. Highway 60
Monett, MO 65708

and

**KRISTEN HORTON**,
Serve:
Jack Henry & Associates
663 W. Highway 60
Monett, MO 65708

and

**PATRICIA SATTERFIELD**,
Serve:
Jack Henry & Associates
1021 S. Central Expressway
Allen, TX 75103

and

**SHARON COLEMAN**,

and

**DOES 1-10**,

Defendants.

## PETITION

**COMES NOW**, Plaintiff, Jennifer Cruesoe, through counsel, Douglas, Haun & Heidemann, P.C., and for her Petition states:

1. Plaintiff is an individual domiciled in Missouri. Plaintiff is African-American.

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

2. Defendant Jack Henry & Associates, Inc. ("Jack Henry") is a Delaware corporation registered to do business in Missouri. Defendant's headquarters and principal place of business is located at 663 W. Highway 60, Monett, MO 65708. Defendant Jack Henry can be served at this location.

3. Defendant Patricia Satterfield is an individual, who upon information and belief, is domiciled in Texas. Defendant Satterfield can be served at Jack Henry & Associates, 1021 S. Central Expressway, Allen, TX 75103.

4. Defendant Kristen Horton is an individual, who upon information and belief, is domiciled in Missouri. Defendant Horton can be served at Jack Henry & Associates at 663 W. Highway 60, Monett, MO 5708.

5. Defendant Sharon Coleman is an individual, who upon information and belief, is domiciled in Ohio.

6. Defendant Does 1-10 are individuals whose identities are not known to Plaintiff but are known to Defendant Jack Henry.

7. Defendant Jack Henry employed 6 or more employees for each working day in each of twenty or more weeks in the present or preceding calendar year and is subject to the Missouri Human Rights Act.

8. At all relevant times, Plaintiff was an employee of Defendant Jack Henry. Her job was primarily performed remotely. However, she was based out of the Springfield, Missouri office of Jack Henry and worked at her home in Springfield, Missouri. Plaintiff was a customer service representative who assisted customers regarding banking-related matters.

9. Defendant Jack Henry discriminated and retaliated against Plaintiff as to the terms and conditions of her employment in Greene County, Missouri. Venue is proper.

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

10. Plaintiff timely filed her first charge of discrimination with the Missouri Commission on Human Rights and with the EEOC on or about August 28, 2025.

11. Plaintiff timely filed her second charge of discrimination with the Missouri Commission on Human Rights and with the EEOC on or about February 9, 2026. Plaintiff's second charge of discrimination remains pending with the MCHR and EEOC.

12. Plaintiff's charges of discrimination are filed herewith as Exhibit 1.

13. Plaintiff received her notice of right to sue regarding her first charge of discrimination from the MCHR on March 12, 2026, and from the EEOC on March 16, 2026. Plaintiff's notices of right to sue are filed herewith as Exhibit 2.

14. Plaintiff's lawsuit is filed within 90 days of receiving her right-to-sue letters and is therefore timely.

15. Plaintiff will file her right-to-sue letters regarding her second charge of discrimination, and claims relating thereto, upon receipt of same.

16. Defendant Jack Henry is a publicly traded financial technology company headquartered in Monett, Missouri. It provides core processing systems, digital banking platforms, and payment solutions primarily to community and mid-sized banks and credit unions across the United States. Their products help financial institutions manage things like account processing, online and mobile banking, payment processing, fraud detection, and data analytics. Defendant is one of the larger fintech companies in the country serving the community banking sector, and their Springfield, Missouri office is one of their significant operations centers. The company employs thousands of people and serves thousands of financial institutions nationwide.

17. At all times relevant, Defendants Horten, Coleman, Satterfield, and Does 1-10 were employees and/or agents of Defendant Jack Henry and were acting within the course and scope of

said employment and/or agency. As a result, Defendant Jack Henry is vicariously liable for their actions and omissions, giving rise to Plaintiff's claims.

## FACTUAL BACKGROUND

18. Plaintiff Jennifer Cruesoe is an African-American woman. Plaintiff began working for Defendant Jack Henry in November of 2020 as a customer service representative on the banking side of Defendant Jack Henry's company.

19. Plaintiff's duties include working the phone to assist banking customers to resolve issues encountered while using Defendant Jack Henry's services.

20. Plaintiff suffers from Post-Traumatic Stress Disorder (PTSD), which was clinically diagnosed in 2019 and results from a violent attack which included sexual assault and attempted murder perpetrated by her ex-husband.

21. Plaintiff's PTSD qualifies as a disability in that it affects one or more of her activities of daily living. Among the symptoms of her disability are panic attacks. When Plaintiff experiences a panic attack, her doctors have recommended an accommodation to allow her time to take a break from the phones until the panic attack subsides. Plaintiff's symptoms tend to increase during evening hours which is the time of day during which she suffered the attack that caused her condition.

22. In 2021, Plaintiff's supervisor noticed distress during one of Plaintiff's calls and asked her about it afterward. Plaintiff advised the supervisor of her diagnosis and her experience with panic attacks. The supervisor advised Plaintiff to apply for an accommodation and intermittent FMLA leave. Plaintiff received approval for intermittent FMLA leave to address panic attacks. Defendant Jack Henry's ADA compliance provider approved Plaintiff for intermittent leave.



Electronically Filed - Greene - April 27, 2026 - 10:56 AM

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

23. Prior to the discrimination described herein, Defendant Jack Henry was aware of Plaintiff's disability and her approved accommodations.

24. Despite being an outstanding employee—repeatedly recognized as a top performer, a recipient of multiple Legendary Agent awards and Hall of Fame recognitions, and a trainer of new employees—Defendant Jack Henry discriminated against Plaintiff based on her race, her disability, her requests for and participation in reasonable accommodation, and her protected activity. Defendant's discriminatory conduct was part of a pattern or practice that began in November of 2021 and continued until her constructive discharge in December of 2025.

25. On November 17, 2021, Plaintiff was denied a promotion for which she was qualified. The position was given to a white employee who was less qualified than Plaintiff.

26. In September of 2022, Plaintiff again applied for a promotion. The position was again given to a white employee who was less qualified than Plaintiff and who did not have an accommodation or a disability.

27. In February and June of 2023, Plaintiff applied to be considered for the Supervisor Readiness Training Program. She was denied both times and the positions were awarded to white employees who were less qualified than Plaintiff and who did not have an accommodation or a disability. In fact, one of the white employees selected for the program advised Defendant prior to receiving the position that he would not be with the company long. That employee left the company a few months after receiving the position. Plaintiff was not awarded the resulting vacancy.

28. In 2023, Plaintiff's supervisor advised her that the individuals responsible for making decisions regarding promotions and/or position changes would not consider her because she took intermittent FMLA and ADA accommodation leave due to her disability.

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

29. In November of 2023, Plaintiff transferred to the fraud side of Defendant's organization in an effort to escape the racial and disability discrimination she had been experiencing. Plaintiff continued to work the phones but after the switch she handled monitoring and managing fraud detection and prevention services for Jack Henry's clients.

30. In December of 2023, a white supervisor assigned an African-American supervisor to oversee Plaintiff, stating she did so because she believed Plaintiff and the African-American supervisor could "relate" better to one another. In fact, Defendant placed several African-American employees under the African-American supervisor for this same reason.

31. Plaintiff's healthcare provider recommended that Plaintiff be moved to an earlier shift, as Plaintiff's PTSD symptoms tend to intensify during the evening hours—the same time of day as her assault. Plaintiff began requesting a shift change in October of 2023. Defendant refused to move Plaintiff to an earlier shift, claiming no such shifts were available for Plaintiff, even though available earlier shifts existed.

32. During the course of her employment and continuing through the present, Plaintiff repeatedly received and/or observed racially derogatory messages and statements from supervisors and coworkers, including but not limited to: comments that African-Americans "play the race card" or similar comments; derogatory comments when African-American customers had their cards turned off by the company; derogatory comments about and disparate treatment of customers of Carver Bank—a Black-owned financial institution; and the use of African-American emojis in a derogatory manner. Plaintiff reported these issues to a supervisor but no corrective action was taken. Following Plaintiff's report, another employee began targeting Plaintiff with derogatory comments. The racially derogatory conduct has continued.



Case 6:26-cv-03351-MBB Document 1-2 Filed 06/18/26 Page 9 of 56

33. In July of 2024, Defendant Jack Henry sought to have its FMLA/ADA accommodation coordinator manipulate Plaintiff's time entries to make it appear as though she had excessive absences so as to qualify her for termination.

34. On information and belief, Defendant's accommodation manager—Defendant Patricia Satterfield—falsely claimed not to have received Plaintiff's ADA accommodation paperwork. Defendant's FMLA administrator was pressured by Defendant Satterfield and/or Does 1-10 to alter Plaintiff's attendance data to justify her termination. After the administrator refused to manipulate Plaintiff's records, she called Plaintiff and warned her that Defendant was conducting a retrospective audit of her time records specifically to build a pretext for discipline.

35. In May of 2025, Defendant Satterfield marked Plaintiff absent from work for FMLA leave on a day that Plaintiff was actually at work, in an attempt to exhaust Plaintiff's FMLA leave time so she could be fired.

36. Defendant Satterfield also required excessive, unnecessary, and unduly burdensome documentation from Plaintiff's healthcare providers in order to allow Plaintiff to continue receiving her intermittent FMLA and ADA accommodation time. Defendant routinely delayed or rejected provider paperwork for technical or pretextual reasons and required Plaintiff to obtain revised paperwork in an attempt to claim she was not complying with information requirements and/or to cause Plaintiff to incur unapproved absences that could be used to exhaust her FMLA leave and justify her termination.

37. On April 9, 2025, Plaintiff applied for a Quality Improvement Coach position. The position was given to a less-qualified white employee who did not have an accommodation or a disability and had not requested FMLA leave.



Electronically Filed - Greene - April 27, 2026 - 10:56 AM

38. On June 12, 2025, Plaintiff applied for a promotion to Workforce Management II. She was denied this position as well, and it was given to a less-qualified white employee who did not have an accommodation or a disability and had not requested FMLA leave.

39. In June of 2025, Plaintiff had a conversation with Defendant Satterfield regarding Plaintiff's repeated requests to be moved to an earlier shift. Defendant Satterfield advised Plaintiff that if she wanted the earlier shift, Defendant would place her on that shift for a 60-day trial period, during which Plaintiff was required to cancel all of her doctor's appointments, suppress and suffer through the flare-ups of her PTSD symptoms, and take no intermittent FMLA or ADA accommodation leave. When Plaintiff disclosed that flare-ups of her condition can cause her to need to use the restroom frequently, the Defendant Satterfield told Plaintiff to purchase Depends adult diapers and urinate at her desk so that she would not need to clock out for excessive bathroom breaks.

40. Under duress and in fear of further retaliation or job loss, Plaintiff complied with these conditions. For approximately two months, Plaintiff worked without medical support, wearing adult diapers and suppressing panic attacks, simply to obtain a shift change that her physician had medically recommended.

41. In August of 2025, Defendant Jack Henry placed Plaintiff on the requested earlier shift unless there was a change in circumstances. The conditions imposed during the trial period caused Plaintiff's symptoms to worsen dramatically, requiring increased psychological treatment and medication adjustments.

42. Plaintiff timely filed her first charge of discrimination on or about August 28, 2025.

43. Following the filing of Plaintiff's first charge of discrimination, Defendant Jack Henry subjected Plaintiff to further discrimination and retaliation.



Case 6:26-cv-03351-MBB Document 1-2 Filed 06/18/26 Page 11 of 56

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

44. Specifically, Plaintiff attended a performance review in which her supervisor Defendant Sharon Coleman indicated she was performing well and that she was in line for a mentor position to help train other employees. Defendant did not identify any areas in need of improvement. Thereafter, on or around October 4, 2025, Plaintiff received a written performance evaluation Drafted by Defendant Coleman that contained information materially different from what was discussed in the meeting. The written evaluation identified areas in need of improvement that were in fact areas in which Plaintiff had previously been recognized as performing well.

45. Plaintiff addressed the inaccuracies with Defendant Coleman and her next-level supervisor Defendant Horten. Plaintiff initially refused to sign the evaluation due to its inaccuracy.

46. Defendant Horten revised the written evaluation in response to Plaintiff's concerns. But each revision continued to contain inaccurate information.

47. On November 5, 2025, Defendant Horten advised Plaintiff that she was required to sign the written evaluation by end of day. Plaintiff complied but advised Defendant Horten that she did not believe everything in the evaluation was accurate. It was clear that Defendants were attempting to paper Plaintiff's file with pretextual performance issues in order to justify further adverse employment action and to create intolerable working conditions designed to either force Plaintiff to resign or to manufacture grounds for her termination. This conduct contributed to the worsening of her disability and created intolerable working conditions.

48. As a result of the intolerable working conditions created by Defendants, Plaintiff was constructively discharged. Plaintiff submitted her resignation on December 15, 2025.

49. Following her resignation, Plaintiff made multiple attempts to return her company-issued equipment but was unable to access the office to do so. Defendant Jack Henry sent Plaintiff emails threatening her with legal and criminal action for failure to return her equipment, despite

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

the fact that Plaintiff was actively attempting to return it. Plaintiff ultimately succeeded in returning the equipment.

50. Defendant Jack Henry has offered pretextual reasons for the adverse employment actions taken against Plaintiff.

## COUNT I – VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT – DEFENDANT JACK HENRY

51. Plaintiff incorporates the preceding paragraphs as if set out fully herein.

52. Plaintiff alleges this claim against Defendant Jack Henry.

53. Defendant Jack Henry discriminated and retaliated against Plaintiff beginning in 2021 on a continuing basis as alleged herein and as set out in her first charge of discrimination. This discrimination and retaliation were the subject of Plaintiff's first charge of discrimination for which Plaintiff has received right-to-sue letters from the MCHR and EEOC. After Defendant's initial discrimination and retaliation, Defendant further discriminated and retaliated against Plaintiff as set out in her second charge of discrimination, which remains pending with the EEOC and MCHR. This Count is brought pursuant to the right-to-sue letters issued to Plaintiff on her first charge of discrimination and to the extent any subsequent conduct by Defendant herein alleged grows out of or is like or reasonably related to the substance of the allegations included in her first charge.

54. Plaintiff includes the allegations of discrimination and retaliation occurring subsequent to the filing of her first charge of discrimination as evidence of Defendant's ongoing discriminatory and retaliatory conduct, to establish a pattern of behavior, and to the extent relevant to Plaintiff's other causes of action herein pled. Plaintiff reserves the right to amend this Petition or file a separate action upon receipt of her right-to-sue letters for her pending second charge of discrimination.

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

55. Plaintiff is an African-American woman and suffered from a disability, each of which are protected classes under the MHRA.

56. Defendant Jack Henry knew Plaintiff suffered a disability and/or perceived Plaintiff to suffer from a disability.

57. Defendant Jack Henry subjected Plaintiff to discrimination as to the terms and conditions of her employment, including but not limited to denial of promotions, denial of reasonable accommodation, imposition of inhumane and degrading conditions as a prerequisite for accommodation, manipulation of attendance records, and constructive discharge.

58. Plaintiff's race was a motivating factor in Defendant Jack Henry's discrimination as to the terms and conditions of her employment, including the denial of promotions that were awarded to less-qualified white employees, the failure to address and remedy the racially hostile work environment, and the racial segregation of supervisory assignments.

59. Plaintiff's disability was a motivating factor in Defendant Jack Henry's discrimination as to the terms and conditions of her employment, including the denial of promotions, the failure and refusal to provide reasonable accommodation, the imposition of unlawful conditions on accommodation, the manipulation of attendance records, and the constructive discharge.

60. Plaintiff participated in protected activity, including requesting reasonable accommodation, filing charges of discrimination with the MCHR and EEOC, and reporting racial and disability discrimination.

61. Defendant Jack Henry retaliated against Plaintiff based on her participation in protected activity.

62. No legitimate, non-pretextual reason exists to justify Defendant Jack Henry's actions.

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

63. Other similarly situated non-disabled employees were not subjected to the same discriminatory or retaliatory treatment.

64. Other similarly situated non-African-American employees were not subjected to the same discriminatory or retaliatory treatment.

65. Defendant Jack Henry's actions violate the Missouri Human Rights Act.

66. As a direct and proximate result of Defendant Jack Henry's actions, Plaintiff suffered substantial damages including lost wages, lost promotional opportunities, diminished career potential, embarrassment and emotional distress, pain and suffering, and the exacerbation of her PTSD symptoms.

67. Defendant Jack Henry's actions as described above were evil, willful, malicious, and in conscious disregard of Plaintiff's rights, justifying an award of punitive damages.

68. An award of punitive damages would serve to punish Defendant Jack Henry and to deter Defendant Jack Henry and others from engaging in similar conduct in the future.

69. Upon information and belief, Defendant Jack Henry has a present ability to satisfy an award of punitive damages.

70. Plaintiff specifically prays for punitive damages.

71. Plaintiff has incurred and continues to incur attorney's fees and costs in prosecuting this action and specifically requests an award of same.

**WHEREFORE**, Plaintiff prays this Court enter judgment against Defendant Jack Henry awarding Plaintiff her damages, back pay, front pay, attorneys' fees, costs, punitive damages, and such other relief as the Court deems just and proper.

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

## COUNT II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – DEFENDANT JACK HENRY

72. Plaintiff incorporates the preceding paragraphs as if set out fully herein.

73. Plaintiff brings this claim against Defendant Jack Henry.

74. Defendant Jack Henry discriminated and retaliated against Plaintiff beginning in 2021 on a continuing basis as alleged herein and as set out in her first charge of discrimination. This discrimination and retaliation were the subject of Plaintiff's first charge of discrimination for which Plaintiff has received right-to-sue letters from the MCHR and EEOC. After Defendant's initial discrimination and retaliation, Defendant further discriminated and retaliated against Plaintiff as set out in her second charge of discrimination, which remains pending with the EEOC and MCHR. This Count is brought pursuant to the right-to-sue letters issued to Plaintiff on her first charge of discrimination and to the extent any subsequent conduct by Defendant herein alleged grows out of or is like or reasonably related to the substance of the allegations included in her first charge.

75. Plaintiff includes the allegations of discrimination and retaliation occurring subsequent to the filing of her first charge of discrimination as evidence of Defendant's ongoing discriminatory and retaliatory conduct, to establish a pattern of behavior, and to the extent relevant to Plaintiff's other causes of action herein pled. Plaintiff reserves the right to amend this Petition or file a separate action upon receipt of her right-to-sue letters for her pending second charge of discrimination.

76. At all relevant times, Defendant Jack Henry was a covered employer under the ADA in that its workforce included 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.



Case 6:26-cv-03351-MBB Document 1-2 Filed 06/18/26 Page 16 of 56

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

77. At all relevant times, Plaintiff was a covered employee in that she was employed by a covered employer, she was qualified for her employment position, and she possessed a disability that substantially limits one or more of her major life functions.

78. At all relevant times, Plaintiff was a qualified individual with a disability in that she, with or without reasonable accommodation, could perform the essential functions of the employment position she held with Defendant Jack Henry.

79. Plaintiff filed her charge of discrimination alleging the discrimination set out herein with the EEOC within 300 days of all acts of discrimination herein alleged.

80. Defendant Jack Henry discriminated against Plaintiff as to the terms and conditions of her employment, including denial of promotions, denial of preferred schedules, manipulation of attendance records, imposition of unlawful conditions on accommodation, and constructive discharge, on the basis of her disability.

81. Defendant Jack Henry discriminated against Plaintiff and failed to make a reasonable accommodation for Plaintiff's disability and denied her employment opportunities on the basis of the need to make such reasonable accommodation.

82. Defendant Jack Henry imposed unlawful, inhumane, and degrading conditions—including requiring Plaintiff to cancel all medical appointments, suppress her disability symptoms without treatment, and wear adult diapers—as a prerequisite for granting a medically recommended shift change, in violation of its obligations under the ADA.

83. Defendant Jack Henry interfered with Plaintiff's duly approved accommodations by requiring unduly burdensome, unnecessary, and onerous paperwork and certifications, manipulating Plaintiff's attendance records, and engaging in a pattern of conduct designed to exhaust Plaintiff's approved leave and manufacture grounds for termination.

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

84. Defendant Jack Henry discriminated against Plaintiff and retaliated against her as a result of her disability and/or her requests for and participation in reasonable accommodation.

85. Defendant Jack Henry discriminated against Plaintiff and retaliated against her based on her participation in protected activity.

86. As a direct and proximate result of Defendant Jack Henry's discrimination, retaliation, and violations of the ADA, Plaintiff suffered substantial damages including lost wages, lost promotional opportunities, diminished career potential, embarrassment and emotional distress, pain and suffering, and the exacerbation of her PTSD symptoms.

87. Defendant Jack Henry's actions as described above were evil, willful, malicious, and in conscious disregard of Plaintiff's rights, justifying an award of punitive damages.

88. An award of punitive damages would serve to punish Defendant Jack Henry and to deter Defendant Jack Henry and others from engaging in similar conduct in the future.

89. Plaintiff has incurred and continues to incur attorney's fees and costs in prosecuting this action and specifically requests an award of same.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Jack Henry awarding Plaintiff her damages, back pay, front pay, attorney's fees, costs, punitive damages, and such other relief as the Court deems just and proper.

## COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – DEFENDANT JACK HENRY

90. Plaintiff incorporates the preceding paragraphs as if set out fully herein.

91. Plaintiff brings this claim against Defendant Jack Henry.

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

92. Defendant Jack Henry discriminated and retaliated against Plaintiff beginning in 2021 on a continuing basis as alleged herein and as set out in her first charge of discrimination. This discrimination and retaliation were the subject of Plaintiff's first charge of discrimination for which Plaintiff has received right-to-sue letters from the MCHR and EEOC. After Defendant's initial discrimination and retaliation, Defendant further discriminated and retaliated against Plaintiff as set out in her second charge of discrimination, which remains pending with the EEOC and MCHR. This Count is brought pursuant to the right-to-sue letters issued to Plaintiff on her first charge of discrimination and to the extent any subsequent conduct by Defendant herein alleged grows out of or is like or reasonably related to the substance of the allegations included in her first charge.

93. Plaintiff includes the allegations of discrimination and retaliation occurring subsequent to the filing of her first charge of discrimination as evidence of Defendant's ongoing discriminatory and retaliatory conduct, to establish a pattern of behavior, and to the extent relevant to Plaintiff's other causes of action herein pled. Plaintiff reserves the right to amend this Petition or file a separate action upon receipt of her right-to-sue letters for her pending second charge of discrimination.

94. At all relevant times, Defendant Jack Henry was a covered employer under Title VII of the Civil Rights Act of 1964 in that its workforce included 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

95. Plaintiff is an African-American woman and is a member of a protected class under Title VII.

96. Defendant Jack Henry discriminated against Plaintiff as to the terms and conditions of her employment on the basis of her race, including but not limited to repeatedly denying her

promotions in favor of less-qualified white employees, subjecting her to a racially hostile work environment, assigning her supervisors based on race, and constructively discharging her.

97. Plaintiff's race was a motivating factor in each adverse employment action taken against her by Defendant Jack Henry.

98. Defendant Jack Henry was aware of and permitted a racially hostile work environment, including but not limited to racially derogatory comments by supervisors and coworkers directed at African-American employees and customers, and took no meaningful corrective action.

99. Plaintiff reported racially discriminatory conduct to Defendant Jack Henry's management. Defendant Jack Henry took no corrective action and instead allowed the conduct to continue and retaliatory treatment of Plaintiff to intensify.

100. Defendant Jack Henry retaliated against Plaintiff based on her opposition to and reports of racially discriminatory conduct.

101. No legitimate, non-pretextual reason exists to justify Defendant Jack Henry's actions.

102. Other similarly situated non-African-American employees were not subjected to the same discriminatory or retaliatory treatment.

103. Defendant Jack Henry's actions violate Title VII of the Civil Rights Act of 1964.

104. As a direct and proximate result of Defendant Jack Henry's actions, Plaintiff suffered substantial damages including lost wages, lost promotional opportunities, diminished career potential, embarrassment and emotional distress, pain and suffering.

105. Defendant Jack Henry's actions as described above were evil, willful, malicious, and in conscious disregard of Plaintiff's rights, justifying an award of punitive damages.

106. An award of punitive damages would serve to punish Defendant Jack Henry and to deter Defendant Jack Henry and others from engaging in similar conduct in the future.



Electronically Filed - Greene - April 27, 2026 - 10:56 AM

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

107. Plaintiff has incurred and continues to incur attorney's fees and costs in prosecuting this action and specifically requests an award of same.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Jack Henry awarding Plaintiff her damages, back pay, front pay, attorney's fees, costs, punitive damages, and such other relief as the Court deems just and proper.

## COUNT IV – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – ALL DEFENDANTS

108. Plaintiff incorporates the preceding paragraphs as if set out fully herein.

109. Plaintiff brings this claim against all Defendants.

110. Defendant Jack Henry is a covered employer under the Family and Medical Leave Act of 1993 (the "FMLA") in that it is engaged in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

111. Defendant Satterfield is an employer as defined by the FMLA in that she was a person who acted, directly or indirectly, in the interest of Defendant Jack Henry with respect to Plaintiff's employment.

112. Defendant Horten is an employer as defined by the FMLA in that she was a person who acted, directly or indirectly, in the interest of Defendant Jack Henry with respect to Plaintiff's employment.

113. Defendant Coleman is an employer as defined by the FMLA in that she was a person who acted, directly or indirectly, in the interest of Defendant Jack Henry with respect to Plaintiff's employment.

114. Defendants Does 1-10 were employers as defined by the FMLA in that they were persons who acted, directly or indirectly, in the interest of Defendant Jack Henry.

115. On information and belief, Defendants Does 1-10 were supervisors and/or superiors to Defendants Satterfield, Coleman and/or Horten and instructed or pressured them to take the actions against Plaintiff complained of herein.

116. At all times relevant, Plaintiff was a covered employee under the FMLA.

117. Plaintiff suffered from a serious health condition as defined by the FMLA. Plaintiff was diagnosed with PTSD which required periods of incapacity and multiple treatments by healthcare providers.

118. Plaintiff obtained medical certification regarding her serious health condition and timely communicated it to Defendants' FMLA administrator as soon as practicable. In the alternative, Plaintiff provided Defendants' FMLA administrator with sufficient information for Defendants' administrator to reasonably determine that the FMLA applied to Plaintiff's requests for leave.

119. Defendants' FMLA administrator accepted Plaintiff's FMLA claims and approved her for FMLA-protected intermittent leave.

120. Plaintiff had an absolute right under the FMLA to take approved intermittent leave for her serious health condition without interference, restraint, or adverse employment consequence.

121. The FMLA proscribes any action by Defendants to interfere with, restrain, or deny Plaintiff the protections provided by the FMLA. 29 U.S.C. § 2615(a)(1).

122. Defendants failed and refused to allow Plaintiff these rights, in that Defendants:



Case 6:26-cv-03351-MBB Document 1-2 Filed 06/18/26 Page 22 of 56

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

a. disciplined Plaintiff for absences that were covered by her approved FMLA leave and manipulated Plaintiff's time records to create the false appearance of excessive absences and/or exhaustion of FMLA time in order to build pretext for termination;

b. falsely recorded Plaintiff as absent on a day she was actually present at work in order to exhaust her FMLA leave time;

c. required Plaintiff to forego all FMLA and ADA accommodation leave for a 60-day period as a condition of receiving a medically recommended shift change;

d. required excessive, unnecessary, and unduly burdensome documentation from Plaintiff's healthcare providers in a pattern designed to delay, deny, or undermine Plaintiff's approved leave;

e. attempted to paper Plaintiff's file with inaccurate and pretextual performance deficiencies; and

f. ultimately constructively discharged Plaintiff in connection with and following her exercise of FMLA-protected leave.

123. Defendants therefore denied and interfered with Plaintiff's substantive rights under the FMLA for reasons connected with her exercise of FMLA leave.

124. The FMLA prohibits employers from discriminating against an employee for asserting her rights under the Act.

125. Plaintiff asserted her right to FMLA leave and was approved for such leave by Defendants' FMLA administrator.

126. Defendants nevertheless disciplined Plaintiff, manipulated her attendance records, and ultimately constructively discharged Plaintiff because she exercised her rights under the Family and Medical Leave Act.

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

127. Any explanation offered by Defendants for the adverse employment actions taken against Plaintiff is false and pretextual.

128. Defendants' violations of the FMLA were in bad faith and Defendants had no reasonable grounds to believe their acts and omissions complied with the FMLA.

**WHEREFORE**, Plaintiff prays this Court enter judgment for Plaintiff and against all Defendants, for all remedies available to her under the FMLA including lost wages, lost salary, lost employment benefits, other compensation denied or lost, actual monetary losses sustained as a direct result of the violations, liquidated damages, all costs incurred herein including reasonable attorney's fees, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

129. Plaintiff demands trial by jury on all issues so triable.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
901 E. St. Louis St., Suite 1200
Springfield MO 65806
Telephone: (417) 887-4949
Fax: (417) 326-2845
nick@dhhlawfirm.com

By /s/ Nickolas W. Allen
Nickolas W. Allen
Missouri Bar No. 69582
Attorney for Plaintiff

DHH No. 31140-001

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

# EXHIBIT 1

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

[redacted]

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

[redacted]

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

[redacted]

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

[redacted]

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

[redacted]

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

[redacted]

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

[redacted]

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

# EXHIBIT 2

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
**MISSOURI COMMISSION ON HUMAN RIGHTS**

**MIKE KEHOE** GOVERNOR | **ANNA S. HUI** DEPARTMENT DIRECTOR | **AL LI** COMMISSION CHAIR | **SHANNON THOMPSON** ACTING EXECUTIVE DIRECTOR

March 12, 2026

Jennifer Cruesoe
3706 N. Faith Way
Springfield, MO 65809
Via email: nick@dhhlawfirm.com

**NOTICE OF RIGHT TO SUE**

RE: Cruesoe v. Jack Henry & Associates, E-09/25-57345; 28E-2025-00941

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

*Shannon Thompson*

Shannon Thompson
Acting Executive Director

CC: Additional Contacts Listed on Next Page

***The Missouri Commission on Human Rights is an equal opportunity employer/program.***
***Auxiliary aides and services are available upon request to individuals with disabilities.***
TDD/TTY: 1-800-735-2966 • Relay Missouri: 711 • www.labor.mo.gov/discrimination • Email: mchr@labor.mo.gov

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

RE: Cruesoe v. Jack Henry & Associates, E-09/25-57345; 28E-2025-00941

Jack Henry & Associates
3725 East Battlefield
Springfield, MO 65809
Via email

Janelle L. Williams
Sr. Corporate Counsel, Jack Henry & Associates, Inc.
10910 W. 87th Street
Lenexa, KS 66214
Via email: jlwilliams@jackhenry.com

Nickolas Allen
Douglas, Haun & Heidemann P.C.
901 E. St. Louis Street
Suite 1200
Springfield, MO 65806
Via email: nick@dhhlawfirm.com, caitlin@dhhlawfirm.com

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**St Louis District Office**
1222 Spruce, Room 8.100
St. Louis, MO 63103
(314)798-1960
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A and 161-B)

Issued On: 03/16/2026

**To:** Jennifer Cruesoe
3706 N. Faith Way
Springfield, MO 65803

**Re:** Jennifer Cruesoe v. Jack Henry
EEOC Charge Number: 28E-2025-00941

EEOC Representative and email: Joseph J. Wilson
State, Local & Tribal Program Manager
Joseph.Wilson@EEOC.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: David Davis 3/16/2026

David Davis
District Director

cc: Janelle Williams
Jack Henry & Associates, Inc.
10910 W. 87th Street
Lenexa, KS 66214

Nickolas W. Allen
Douglas, Haun & Heidemann, P.C.
901 E. St. Louis St. Suite 1200
Springfield, MO 65806

RECEIVED
MAR 23 2026

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE

To request a copy of your charge file, contact the Fair Employment Practices Agency that investigated your charge.

Electronically Filed - Greene - April 27, 2026 - 10:56 AM

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at:
http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.\

Electronically Filed - Greene - April 27, 2026 - 10:56 AM



31140-001

Electronically Filed - GREENE - April 29, 2026 - 04:16 PM

DOUGLAS
HAUN
HEIDEMANN P.C.
JUSTICE. FROM EVERY ANGLE.

April 29, 2026

Bryan Feemster
Greene County Circuit Clerk
1010 Boonville Avenue
Springfield, MO 65802

RE: Cruesoe v Jack Henry & Associates, et al.
Greene County Case #2631-CC00522
DHH No. 31140-001
DHH Client: Jennifer Cruesoe

Dear Clerk:

Attached please find a Confidential Case Filing Information Sheet for Defendants 1-10 inadvertently omitted from the filing. Please enter Defendants 1-10 as shown on the Case Filing Information Sheet.

Yours truly,

**DOUGLAS, HAUN & HEIDEMANN, P.C.**

*/s/ Joanna Cook*

By ______________________________________
Joanna Cook, Paralegal

/file
Enclosure

417.887.4949
417.887.8618
901 East St. Louis Street
Suite 1200
Springfield, MO 65806
DHHLAWFIRM.COM

# Summons in Civil Case

IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOSHUA BOYD CHRISTENSEN | **Case Number: 2631-CC00522** | |
| Plaintiff/Petitioner:<br>JENNIFER CRUESOE<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICKOLAS WILLIAM ALLEN<br>103 E BROADWAY<br>P O BOX 117<br>BOLIVAR, MO 65613 | |
| Defendant/Respondent:<br>JACK HENRY & ASSOCIATES, INC. | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to: DOES 1-10**
**Alias:**
**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***GREENE COUNTY***

| Date | Clerk |
|---|---|
| 30-APR-2026 | /s/Bryan Feemster by af |

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)
in ______________________________ (County/City of St. Louis), MO, on ______________ (date)
at __________ (time).

______________________________ ______________________________
Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# Summons in Civil Case

IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOSHUA BOYD CHRISTENSEN | **Case Number: 2631-CC00522** | |
| Plaintiff/Petitioner:<br>JENNIFER CRUESOE<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICKOLAS WILLIAM ALLEN<br>103 E BROADWAY<br>P O BOX 117<br>BOLIVAR, MO 65613 | |
| Defendant/Respondent:<br>JACK HENRY & ASSOCIATES, INC. | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to:** **KRISTEN HORTON**
**Alias:**
**663 W. HIGHWAY 60**
**MONETT, MO 65708**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***GREENE COUNTY***

| | |
|---|---|
| 30-APR-2026 | /s/Bryan Feemster by af |
| Date | Clerk |

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ________________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

____________________________________ (name) ________________________ (title).

☐ other: ____________________________________________________________.

Served at ____________________________________________________________ (address)

in ___________________________ (County/City of St. Louis), MO, on ________________ (date)

at ____________ (time).

______________________________ ______________________________

Printed Name of Officer or Server        Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ________________________ (date).

*(Seal)*

My commission expires: ________________ ________________________

Date        Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOSHUA BOYD CHRISTENSEN | **Case Number: 2631-CC00522** | |
| Plaintiff/Petitioner:<br>JENNIFER CRUESOE<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>NICKOLAS WILLIAM ALLEN<br>103 E BROADWAY<br>P O BOX 117<br>BOLIVAR, MO 65613 | |
| Defendant/Respondent:<br>JACK HENRY & ASSOCIATES, INC. | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to**: **PATRICIA SATTERFIELD**
**Alias:**

**1021 S. CENTRAL**
**EXPRESSWAY**
**ALLEN, TX 75103**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

***COURT SEAL OF***

***GREENE COUNTY***

| | |
|---|---|
| 30-APR-2026 | /s/Bryan Feemster by af |
| Date | Clerk |

**Further Information:**

**Officer's or Server's Affidavit of Service**

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________________________ of ____________________ County, ______________ (state).
3. I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: ____________________________________ (name) ______________________(title).

☐ other: ________________________________________________________________.

Served at ____________________________________________________________ (address) in __________________________ (County), ___________ (state), on ________________(date) at __________ (time).

______________________________ Printed Name of Officer or Server

______________________________ Signature of Officer or Server

**Subscribed and sworn to** before me this ____ (day) ___________ (month), ______ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

*(Seal)*

☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

☐ authorized to administer oaths. (use for court-appointed server)

______________________________ Signature and Title

**Service Fees**

| | |
|---|---|
| Summons | $___________ |
| Non Est | $___________ |
| Mileage | $___________ (______ miles @ $.______ per mile) |
| **Total** | **$___________** |

See the following page for directions to officer making return on service of summons.



Case 6:26-cv-03351-MBB Document 1-2 Filed 06/18/26 Page 47 of 56

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

# Summons in Civil Case

IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOSHUA BOYD CHRISTENSEN | **Case Number: 2631-CC00522** | |
| Plaintiff/Petitioner:<br>JENNIFER CRUESOE<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICKOLAS WILLIAM ALLEN<br>103 E BROADWAY<br>P O BOX 117<br>BOLIVAR, MO 65613 | |
| Defendant/Respondent:<br>JACK HENRY & ASSOCIATES, INC. | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to: JACK HENRY & ASSOCIATES, INC.**
**Alias:**
**663 W. HIGHWAY 60**
**MONETT, MO 65708**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***GREENE COUNTY***

04-MAY-2026
Date

/s/Bryan Feemster by af
Clerk

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

___________________________________________ (name) _____________________________ (title).

☐ other: ______________________________________________________________________________.

Served at _______________________________________________________________________ (address)

in ________________________________ (County/City of St. Louis), MO, on ___________________ (date)

at ______________ (time).

_________________________________________ _________________________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ____________________________ (date).

*(Seal)*

My commission expires: __________________ ____________________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - GREENE - May 05, 2026 - 11:35 AM

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

| | |
|---|---|
| **JENNIFER CRUESOE,** Plaintiff, | |
| vs. | Case No. 2631-CC00522 |
| **JACK HENRY & ASSOCIATES, INC., et al,** Defendants. | |

# APPLICATION FOR SPECIAL PROCESS SERVER

**COMES NOW** Plaintiff and requests, pursuant to Rule 54.13 of the Missouri Rules of Civil Procedure and RSMo. § 506.140, Debbie Giberson be appointed by the Court to serve process in the above-captioned cause. The grounds for said request are: Debbie Giberson is an individual over the age of 18, not a party to this cases, and service by special process server will allow Plaintiff to expedite service of process.

**WHEREFORE,** Plaintiff prays that the said Debbie Gibberson be appointed as Special Process Server in the above-captioned case.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
901 E. St. Louis St., Suite 1200
Springfield MO 65806
Telephone: (417) 887-4949
Fax: (417) 326-2845
nick@dhhlawfirm.com

By /s/ Nickolas W. Allen
Nickolas W. Allen
Missouri Bar No. 69582
Attorney for Plaintiff

**DHH No. 31140-001**

DOUGLAS
HAUN
HEIDEMANN P.C.
JUSTICE. FROM EVERY ANGLE.

May 6, 2029

Bryan Feemster
Greene County Circuit Clerk
1010 Boonville Avenue
Springfield, MO 65802

RE: Cruesoe v Jack Henry & Associates, et al.
Greene County Case #2631-CC00522
DHH No. 31140-001
DHH Client: Jennifer Cruesoe

Dear Clerk:

Attached please find the additional $10 required for the Deputy Sheriff Salary Supplemental Fund fee.

Yours truly,

**DOUGLAS, HAUN & HEIDEMANN, P.C.**

*/s/ Kathryn Childers*

By ________________________________________
Kathryn Childers, Legal Assistant

/file
Enclosure

417.887.4949
417.887.8618

901 East St. Louis Street
Suite 1200
Springfield, MO 65806

DHHLAWFIRM.COM

Electronically Filed - GREENE - May 06, 2026 - 08:27 AM

Electronically Filed - GREENE - May 06, 2026 - 10:31 AM

DOUGLAS
HAUN
HEIDEMANN P.C.
JUSTICE. FROM EVERY ANGLE.

May 6, 2029

Bryan Feemster
Greene County Circuit Clerk
1010 Boonville Avenue
Springfield, MO 65802

RE: Cruesoe v Jack Henry & Associates, et al.
Greene County Case #2631-CC00522
DHH No. 31140-001
DHH Client: Jennifer Cruesoe

Dear Clerk:

Attached please find the additional $20 needed for each summons for use of a special process server.

Yours truly,

**DOUGLAS, HAUN & HEIDEMANN, P.C.**

*/s/ Kathryn Childers*

By ________________________________________
Kathryn Childers, Legal Assistant

/file
Enclosure

417.887.4949
417.887.8618
901 East St. Louis Street
Suite 1200
Springfield, MO 65806



DHHLAWFIRM.COM

Electronically Filed - GREENE - May 05, 2026 - 11:35 AM

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

| | |
|---|---|
| **JENNIFER CRUESOE,**<br><br>Plaintiff,<br><br>vs.<br><br>**JACK HENRY & ASSOCIATES, INC. et al,**<br><br>Defendants. | Case No. 2631-CC00522 |

**<u>ORDER GRANTING APPOINTMENT OF SPECIAL PROCESS SERVER</u>**

**NOW ON THIS** 6 day of May, 2026 this cause coming on to be heard, upon the Application of the Plaintiff for appointment of Debbie Gibberson, to serve process in the above-captioned cause and the Court being fully advised in the premises hereby appoints said Debbie Giberson as Special Process Server in the above-captioned case.

/s/ Bryan Feemster by rh

JUDGE xxxxxxx Circuit Clerk

**DHH No. 31140-001**

Electronically Filed - GREENE - June 03, 2026 - 09:00 AM

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

| | |
|---|---|
| **JENNIFER CRUESOE,**<br><br>Plaintiff,<br><br>vs.<br><br>**JACK HENRY & ASSOCIATES, INC., et al,**<br><br>Defendants. | Case No. 2631-CC00522 |

**PLAINTIFF'S NOTICE OF SERVICE**

**PLEASE TAKE NOTICE** that service of process in the above-captioned matter has been accepted by attorney Kyle Russell on behalf of all named Defendants as follows:

1. On May 22, 2026, Kyle Russell accepted service of process on behalf of Defendants Jack Henry & Associates, Inc. and Patricia Satterfield.

2. On June 1, 2026, Kyle Russell accepted service of process on behalf of Defendants Sharon Coleman and Kristen Horton.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
901 E. St. Louis St., Suite 1200
Springfield MO 65806
Telephone: (417) 887-4949
Fax: (417) 326-2845
nick@dhhlawfirm.com

By /s/ Nickolas W. Allen
Nickolas W. Allen
Missouri Bar No. 69582
Attorney for Plaintiff

Electronically Filed - GREENE - June 03, 2026 - 09:00 AM

**CERTIFICATE OF SERVICE**

I hereby certify that this document is being filed electronically with the Greene County Circuit Court Clerk. Registered users are being served through the electronic filing system as provided in Missouri Supreme Court Rule 103.08 and to all others as provided in Rule 43.01(c) on this 3rd day of June 2026. Service by the electronic filing system was complete upon transmission.

By /s/ Nickolas W. Allen

DHH No. 31140-001